OVERMAN *v.* CONES, EXECUTOR.

[No. 14,792. Filed March 14, 1934.]

*John W. Becker,* for appellant.

*John T. Markey,* for appellee.

CURTIS, J.—It is disclosed by the appellant's brief that on or about the 18th day of August, 1926, she entered into a written contract for the purchase of a piece of real estate, for home purposes, from Ella McKelvey and Louis McKelvey, her husband, at the agreed price of $8,000.00, of which sum $1,278.41 was paid and credited on said contract on the date of its execution and the balance was to be paid at the rate of $67.00 per month, together with taxes and assessments when due; that she went into possession of said real estate under said contract and lived thereon until April 1, 1931, when she vacated it; that said real estate was conveyed by the McKelveys to Frank Lux on or about the 7th day of May, 1927, at which time said written contract was also assigned by them to Lux; that Lux died on the 6th day of June, 1930, and the appellee was thereafter duly appointed as executor of his estate; that there was

undisputed evidence that the appellant made her said payments to Lux in his lifetime and that a dispute arose between them as to the exact amount due under the contract and that each side to the controversy met and it was determined between them that as of June 5, 1930, there was unpaid under the contract the sum of $6,042.00; that on the last mentioned date the appellant tendered said last mentioned sum to said Lux and demanded a conveyance of said real estate to her; that Lux at said time had a certain judgment standing against him and that he was a surety on several criminal recognizance bonds and could not convey a clear title to said real estate to the applicant and for said reasons he refused to make the conveyance; that Lux died the next day and no conveyance has ever been made.

On May 14, 1931, the appellant filed her verified claim against the estate of Lux, alleging therein that she had paid out on account of said contract to purchase said real estate the total sum of $5,894.77 which included the original payment, installments, improvements, taxes, and assessments and that she was chargeable with the fair rental value of said property, to wit: $50.00 per month during her occupancy of it, leaving a net sum due her from said estate of $3,094.77. To the claim of the appellant the appellee filed an answer and counterclaim based upon the rental value of said real estate as alleged therein, of $67.00 per month during the occupancy thereof by the appellant, amounting to $3,886.00.

At the close of the appellant's evidence the appellee moved the court for a finding in its favor which motion was sustained and the court thereupon made its finding and rendered judgment for the appellee, accordingly.

In due time the appellant filed her motion for a new trial, which was overruled with an exception reserved, and this appeal prayed and perfected.

The motion for a new trial contains, among other

causes, the following in substance: The decision of the court is contrary to law and not sustained by sufficient evidence and error in sustaining the appellee's motion for a finding in his favor at the close of the appellant's evidence.

The appellee has failed to furnish us a brief, and under the rules and decisions of the Supreme Court and of this court this will be taken to be a confession of error, provided the appellant has made a prima facie showing of reversible error. Our inquiry then is to determine whether or not the appellant has made such showing.

From our said examination of the case as presented by the appellant's brief it is our opinion that there has been made a prima facie showing of reversible error. The judgment is therefore reversed without prejudice and the trial court is directed to set aside said judgment and to sustain the motion of the appellant for a new trial and for further proceedings not inconsistent herewith.

Judgment reversed.